# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. THOMPSON, | CASE NO. 07CV184 WQH (JMA) |
| Petitioner, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| V.M. ALMAGER, | |
| Respondent. | |

HAYES, Judge:

Pending before the Court is Petitioner's application for a certificate of appealability. (Doc. # 17).

## BACKGROUND

On April 15, 2005, a jury in the California State Superior Court convicted Petitioner Patrick A. Thompson of two counts of possession of cocaine for sale and one count of transportation of cocaine in violation of CAL. HEALTH & SAFETY CODE §§ 11351.5 and 11352. Petitioner moved for a new trial at sentencing, supporting the motion with a declaration from his girlfriend where she claimed possession of the drugs that Petitioner had been convicted of possessing. The state trial court concluded that the declaration of Petitioner's girlfriend was not credible, and denied the motion for a new trial. The trial court sentenced Petitioner to twenty-two (22) years in prison.

Petitioner appealed to the California Court of Appeal and the California Supreme Court, arguing that (1) the trial court should not have denied Petitioner's motion for new trial, and (2) there

was insufficient evidence from which a jury could convict Petitioner beyond a reasonable doubt. Both Courts denied the appeal.

On January 26, 2007, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court challenging (1) the state trial court's denial of his motion for new trial, and (2) the sufficiency of the evidence at trial. (Doc. # 1). On February 14, 2008, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny the Petition. (Doc. # 12). On June 19, 2008, this Court issued an Order adopting the Report and Recommendation. (Doc. # 15). The Court concluded that the decision of the California Court of Appeal finding that the trial court properly denied the motion for new trial and that there was sufficient evidence to find guilt beyond a reasonable doubt was not contrary to, or an unreasonable application of, clearly established federal law. (Doc. # 15).

## DISCUSSION

### I. Certificate of Appealability

"The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear." *Porter v. McGrath*, Case No. 03-CV-05339-TAG-HC, 2006 U.S. Dist. LEXIS 42136, *2 (E.D. Cal. June 12, 2006) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of constitutional claims debatable or wrong." *Huynh v. Runnels*, Case No. C 05-0889 JF (PR), 2006 U.S. Dist. LEXIS 66342, *3 (N.D. Cal. Aug. 31, 2006) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)). "Upon the filing of a notice of appeal and a request for a certificate of appealability, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (citing 28 U.S.C. § 2253(c)(3)).

Petitioner contends that he is entitled to a certificate of appealability with respect to the trial

1  court's denial of his motion for new trial because Petitioner claims he had the right to confront his
2  girlfriend after she asserted ownership of the drugs Petitioner was convicted of possessing. Petitioner
3  does not offer arguments which have not already been dismissed by the Court, and the Court
4  concludes that Petitioner has not made a substantial showing of a constitutional right. The state trial
5  court was entitled to evaluate the credibility of Petitioner's girlfriend's declaration in considering
6  whether the declaration alone supported a new trial, and the Court concludes that the trial court's
7  decision to deny the motion for new trial on the grounds that the declaration was not credible did not
8  violate Petitioner's constitutional rights. The California Court of Appeal's decision affirming the trial
9  court on that issue was not contrary to, or an unreasonable application of, clearly established federal
10 law. Petitioner's request for a certificate of appealability as to the trial court's denial of Petitioner's
11 motion for new trial is DENIED.

12     Petitioner contends that he is entitled to a certificate of appealability on the issue of whether
13 there was sufficient evidence to support the jury's verdict. Petitioner contends that there was not
14 sufficient evidence that he possessed the drugs found in his apartment. After reviewing the record,
15 the Court concludes that there was sufficient evidence of guilt to support Petitioner's conviction, and
16 further, the Court concludes that Petitioner has not made a substantial showing of the denial of a
17 constitutional right with respect to sufficiency of the evidence. *See* (Doc. # 15 at 4). The California
18 Court of Appeals' decision finding that there was sufficient evidence to convict was not contrary to,
19 or an unreasonable application of, clearly established federal law. Petitioner's request for a certificate
20 of appealability as to the sufficiency of the evidence is DENIED.

21                                              **CONCLUSION**

22     Petitioner's application for a certificate of appealability (Doc. # 17) is DENIED in its entirety.
23 The Court finds that reasonable jurists would not find this Court's assessment of the constitutional
24 claims debatable or wrong.

25     **IT IS SO ORDERED**.
26 DATED: July 25, 2008

27                                  *William Q. Hayes*
                                    **WILLIAM Q. HAYES**
28                                  United States District Judge